# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

FILED
OCT 20 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

Christopher Scott Kennedy  
Plaintiff

vs.

Case No. 08-2255

(The case number will be assigned by the clerk)

Jay Scott) Macon County Assistant States Attorney
Jerry Dawson  Macon County Sheriff
Larry Jones  Macon County Jail Warden & Sheriffs Lieutenant
Sgt. Austin  Macon County Jail Asst Warden & Sheriffs Sergeant
Sgt. Busch  Macon County Jail Asst Warden & Sheriffs Sergeant
Sgt. Jones  Macon County Jail Shift Sergeant
Corp. Patton  Macon County Jail Shift Corporal
C/o Pickerell  Macon County Jail Correctional officer
C/o Huebner  Macon County Jail Correctional officer,

Defendant(s)   09

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often

---

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

*brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Christopher Scott Kennedy

Prison Identification Number: B-27342

Current address: P.O. Box 1000 Lincoln, IL 62656

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Jay Scott

2

Current Job Title: Macon County Assistant States Attorney

Current Work Address 253 E. Wood St. Decatur IL 62523

Defendant #2:

Full Name: Jerry Dawson

Current Job Title: Macon County Sheriff

Current Work Address 333. S. Franklin St. Decatur, IL 62523

Defendant #3:

Full Name: Larry Jones

Current Job Title: Macon County Jail Warden & Sheriffs Lieutenant

Current Work Address 333 S. Franklin St. Decatur IL 62523

Defendant #4:

Full Name: Sgt. Austin

Current Job Title: Macon County Jail Asst Warden & Sheriffs Sergeant

Current Work Address 333 S. Franklin St. Decatur IL 62523

Defendant #5:

Full Name: Sgt Busch

Current Job Title: Macon County Jail Asst. Warden & Sheriffs Sergeant

Current Work Address 333 S. Franklin St. Decatur, IL 62523

Defendant #6
Full Name: Sgt Jones
Current Job Title: Macon County Jail Shift Sergeant
Current Work Address: 333 S. Franklin St.
Decatur IL 62523

Defendant #7
Full Name: Corporal Patton
Current Job Title: Macon County Jail Shift Corporal
Current Work Address: 333 S. Franklin St
Decatur IL 62523

Defendant #8
Full Name: C/O Pickerell
Current Job Title: Macon County Jail Correctional Officer
Current Work Address: 333 S. Franklin St
Decatur, IL 62523

Defendant #9
Full Name: C/O Huebner
Current Job Title: Macon County Jail Correctional Officer
Current Work Address: 333 S. Franklin St.
Decatur, IL 62523

3A.

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☑   No ☐

If yes, please describe   I filed this case w/ the Court of claims.

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐   No ☑

C. If your answer to B is yes, how many? _____   Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number _____

   2. Basic claim made _____

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint

4

*and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☐   No ☑

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑   No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?   Yes ☑   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence __Macon County Jail / Decatur IL__

Date(s) of the occurrence __Nov 23 2007 / Nov. 25th 2007 —...__

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

***THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.*** *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

On November 23RD 2007, I was being detained in the Macon County Jail in Trod 2, Pod B, which has 12 cells, 1 bed in each cell. There was approx. 19+ individuals being detained in this particular pod. A verbal dispute between

5

myself and another detainee resulted in a violent physical attack on myself by this other individual where I was left incapable of defending myself. Despite the fact that there are two "2" video surveillance monitors inside this particular pod which can be viewed in the Trods control Area, the intake and booking area for the jail and in the sergeants office, also the location of the incident occurred directly in front of a mirrored glass window which directly behind this window is the control desk for the entire trod, no correctional officer/employee witnessed this attack. I neglected to report this attack immediately to officials in fear of a repeat attack. After 2 days on November 25th I made a decision that I needed to get out of the same pod w/ my attacker so I spoke w/ another detainee who in turn agreed to turn in a request slip that I filled out explaining that I had been assaulted. After the video surveillance video was reviewed, both myself & my attacker were placed in segregation for fighting. Even after correctional officials reviewed the video of this incident and I requested ① to see a nurse, ② that pictures be taken of my still visible injuries, ③ and to press charges on my attacker, all were denied. Being that there is no grievance procedure in the jail, I wrote complaints on several occasions concerning certain issues which I have attached here-in. My numerous complaints caused me to be harrassed by jail officials mainly being Corporal Patton who was sent to speak w/ me concerning my complaints by higher ranking jail officers. My mother contacted Mr. Yelm

6

WHO IS THE MANAGER OF THE JAIL & DETENTION STANDARD UNIT REGARDING THIS INCIDENT AND THE HARRASSMENT. I BELIEVE MY MOTHER TO HAVE CONTACTED MR YELMS OFFICE TWICE CONCERNING THESE ISSUES AND I THEN BELIEVE THAT MR YELMS OFFICE CONTACTED THE JAIL AND IT WASN'T UNTIL AFTER THAT COMMUNICATION BETWEEN THE JAIL AND DETENSION STANDARD UNIT AND THE MACON COUNTY JAIL THAT AN ARREST WAS FINALLY MADE ON MY ATTACKER MR. KYLE WRIGHT, WHICH ENDS UP BEING OVER A MONTH AFTER THE INCIDENT WAS REPORTED.

I MAY BE INCORRECT DUE TO MY INFERIORITY W/ THE LAW, HOWEVER I AM DOCUMENTING EACH DEFENDANT LISTED AND HOW I FEEL THEY VIOLATED MY RIGHTS.

① ASSISTANT STATES ATTORNEY - JAY SCOTT / FAILED TO FILE AND PURSUE CRIMINAL CHARGES AGAINST KYLE WRIGHT EVEN AFTER VIEWING THE VIDEO WHICH PROVES THAT A CRIME OCCURRED AGAINST MYSELF AND AFTER I MADE THE STATES ATTORNEYS OFFICE FULLY AWARE THAT I WISHED TO PURSUE CRIMINAL CHARGES.

② SHERIFF JERRY DAWSON / HAS THE DUTY TO MAKE SURE THAT THE JAIL IS BEING MAINTAIN ACCORDINGLY AND IN THE GUIDELINES OF JAIL STANDARDS. THERE IS SUPPOSE TO BE A SUFFICIENT NUMBER OF OFFICERS PRESENT IN THE JAIL AWARE & ALERT TO MAINTAIN ADEQUATE SUPERVISION, WHICH DOES/DID NOT OCCUR W/ THE 3-11 SHIFT DAILY AS OFFICERS ARE

LEAVING THIER ASSIGNED AREAS FOR PERIODS OF TIME W/OUT RELIEF FOR THOSE POSITIONS. I ALSO FEEL THERE HAS BEEN A FAILURE TO ESTABLISH AN ADEQUATE CLASSIFICATION SYSTEM AS WELL AS THE FAILURE TO PROVIDE A RELIABLE GRIEVANCE PROCEDURE. I ALSO FEEL THAT THE FAILURE TO REPORT INMATE ASSAULTS TO THE PROSECUTER VIOLATES MY RIGHTS AS WELL AS ANY OTHER TO BE TREATED FAIRLY W/ CRIME VICTIMS RIGHTS.

③ JAIL WARDEN - LT. LARRY JONES ④ Asst Jail Warden Sgt. Austin ⑤ Asst Warden Sgt. Busch - all had full authority to make AN ARREST ON this individual for the ATTACK & ASSAULT. Also being WARDENS HAS THE RESPONSIBILITY TO MAKE SURE THAT THE JAIL HAS THE PROPER AMOUNT OF EMPLOYEES TO MAINTAIN ADEQUATE SUPERVISION TO ALL DETAINEES OR TO REPORT THE INEFFICIENCY.

⑥ Shift Sergeant JONES ⑦ Shift Corporal PATTON - treated me w/ cruel & unusual punishment WHEN THEY DENIED ME THE RIGHT TO MEDICAL TREATMENT AND THE RIGHT TO PURSUE CRIMINAL CHARGES AGAINST MY ATTACKER. ALSO W/ CORPORAL PATTON GOING FURTHER W/ HIS HARRASSMENT TOWARDS MYSELF CONCERNING MY COMPLAINTS.

⑧ CORRECTIONAL OFFICER PICKERELL - WAS ASSIGNED TO SUPERVISE POD 2 ON NOVEMBER 23RD 2007. AT THE TIME THAT THIS ATTACK OCCURRED

8

on myself C/O Pickerell had left Trod 2 for his lunch break w/out having any relief to cover his position which showed reckless disregard.

9) Correctional Officer Huebner - Detainee Kyle Wright who was the attacker in this complaint reported to this C/O that he had suffered the loss of a family member and requested to be removed from general population setting due to emotional distress he was suffering. C/O Huebner reported to Corporal Patton this detainees request which Corporal Patton denied. Being that this detainee was being held on murder charges, these officials had the knowledge that these stress factors had the ability w/ this certain individual to create a high risk and this risk was ignored, which ultimately caused this incident to occur, because if he would have been moved as he requested, this incident would not have occurred.

Conclusion: Plaintiff now suffers from what appears to be reoccurring injuries consisting of neck pain & severe migraine headaches due to injuries sustained in this attack and went untreated & ignored by jail officials. Not to mention the emotional distress created due to this incident.

## RELIEF REQUESTED

*(State what relief you want from the court.)*

I REQUEST THE COURT TO APPOINT COUNSEL FOR PLAINTIFF. I REQUEST THAT THE COURT ORDER EACH DEFENDANT TO AWARD TO ME $100,000.00 IN COMPENSATORY DAMAGES. I REQUEST THAT THE COURT ORDER EACH DEFENDANT TO AWARD ME W/ $150,000.00 IN PUNITIVE DAMAGES. I REQUEST AN INJUNCTION RELIEF OF $100,000.00 for failure to maintain CONSTANT SUPERVISION OF DETAINEES, ALLOWING CORRECTIONAL EMPLOYEES TO LEAVE THIER ASSIGNED AREAS W/OUT RELIEF FOR THAT AREA, AS WELL AS FAILURE TO PROVIDE A PROPER GRIEVANCE PROCEDURE FOR THE JAIL. I ASK THAT THE COURT ORDER THE DEFENDANTS TO PAY THE TAXES ON ALL MONETARY AWARDS, AND I REQUEST THAT THE COURT ORDER THE DEFENDANTS TO PAY ALL COURT COSTS, ATTORNEY FEES, WITNESS FEES, AND WHATEVER ELSE THE COURT DEEMS JUST, PROPER, OR NECESSARY.

**JURY DEMAND**   Yes ☑   No ☐

Signed this ___15___ day of ___October___, 20_08_.

*Christopher Scott Kennedy*
*( Signature of Plaintiff)*

10

| Name of Plaintiff: Christopher Scott Kennedy | Inmate Identification Number: B-27342 |
|---|---|
| Address: P.O. Box 1000, Lincoln, IL 62656 | Telephone Number: 217-735-5581 |